UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| JULIO N.C.V.,<br><br>                             Petitioner,<br><br>v.<br><br>PAMELA BONDI, *United States Attorney General*;<br><br>KRISTI NOEM, *Secretary, U.S. Department of Homeland Security*; and<br><br>TODD M. LYONS, *Acting Director, Immigration and Customs Enforcement*,<br><br>                             Respondents. | Civil No. 26-1451 (JRT/LIB)<br><br><br><br><br>**MEMORANDUM OPINION AND ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

---

Frances Ivy Mahoney-Mosedale, **GUSTAFSON GLUEK PLLC**, 120 South Sixth Street, Suite 2600, Minneapolis, MN 55402, for Petitioner.

David W. Fuller, Trevor Brown, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 for Respondents.

Petitioner Julio N.C.V. was detained by U.S. Immigration and Customs Enforcement ("ICE") officials in Minnesota.[1] On February 15, 2026, Petitioner filed a petition for writ of habeas corpus, challenging the lawfulness of her detention. (Verified Pet. for Writ of

---

[1] The parties disagree on when Petitioner was detained. Petitioner alleges he was arrested on December 26, 2025 (Verified Pet. for Writ of Habeas Corpus ¶ 4, Feb. 15, 2026, Docket No. 1), whereas Respondents allege that ICE's records show he was arrested on January 26, 2025 (Resp. at 2, Feb. 18, 2026, Docket No. 4.)

Habeas Corpus ("Pet"), Feb. 15, 2026, Docket No. 1.) Because the Court concludes that Petitioner is being detained unlawfully, the Court will grant the petition and order Petitioner's immediate release.

## DISCUSSION

Petitioner Julio N.C.V. is a citizen of Honduras and a resident of St. Paul, Minnesota. (Pet. ¶ 30.) Petitioner applied for asylum on October 12, 2024, and his application is pending. (*Id.* ¶ 31.) Petitioner has a valid work permit and works as a painter. (*Id.* ¶ 32.) He was detained by ICE on his way home from work. (*Id.* ¶ 4.) The parties agree that after Petitioner was detained, he was transferred to ERO El Paso Camp East Montana Facility in El Paso, Texas. (*Id.* ¶ 5; Resp. at 2.) On February 17, 2026, Petition was returned to Minnesota. (Decl. of Xiong Lee ¶ 7, Feb. 18, 2026, Docket No. 5.) After being detained, Petitioner was served with a Notice to Appear that initiated removal proceedings against him. (*Id.* ¶ 5.)

### A.   Jurisdiction and Venue

Respondents request that the Court either dismiss this case or transfer it to the Western District of Texas (where the El Paso facility is located) because Petitioner was located in Texas when his Petition was filed.

Generally, the proper venue for the filing of a habeas petition is the district of confinement. *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). But the District of Minnesota is the proper forum in this case for several reasons. First, Petitioner has been returned to Minnesota (*see* Xiong Decl. ¶ 7) meaning that this District is now Petitioner's district of

confinement.  Further, this habeas petition arises in the context of a concerted effort by the government to arrest residents of this state and immediately transfer them to various other detention locations, for an unstated purpose and unstated duration, without notifying Petitioner's family or counsel as to where or when they may be transferred.  *See Gabriel A.H.L. v. Noem,* Civ. No. 26-860, 2026 WL 323106, at *2 (D. Minn. Feb. 6, 2026). If, as Respondents assert, Petitioner was arrested by ICE officers on January 26, 2026, he was then transferred out of Minnesota less than 24 hours later, on January 27, 2026. (Resp. at 2, Feb. 18, 2026, Docket No. 4 (showing detention history).)  Nothing in the record reflects that Respondents disclosed Petitioner's transfer in advance or allowed for communication with counsel prior to transfer, or whether Petitioner or Petitioner's counsel were given reason to believe that Petitioner would not be subject to additional transfers.

As in other similar cases, the Court concludes that the District of Minnesota—where Petitioner resides, was arrested and detained, was his last known permanent location, and now his current location—is the proper forum for Petitioner to challenge his detention as unlawful.  *See Jose A. v. Noem*, Civ. No. 26-480, 2026 WL 172524, at *2 (D. Minn. Jan. 22, 2026) (describing that reaching any other conclusion may "have the effect of incentivizing forum shopping, as Respondents could quickly transfer detained

individuals to a district of their choosing"); *see also Jose V. v. Easterwood*, Civ. No. 26-597, 2026 WL 222175, at 1 (D. Minn. Jan. 28, 2026).[2]

### B.     Basis of Detention

Respondents rely on 8 U.S.C. § 1225(b)(2) to justify Petitioner's detention. (*See* Resp. at 8.) The Court rejects that justification. To the extent Respondents rely on 8 U.S.C. § 1225(b)(2), Petitioner's habeas petition is subject to the same analysis the Court recently employed in *Herrera Avila v. Bondi*, Civ. No. 25-3741, 2025 WL 2976539 (D. Minn. Oct. 21, 2025), and *Romero Santuario v. Bondi*, Civ. 25-4296, 2025 WL 3469577 (D. Minn, Dec. 2, 2025). Section 1225(b)(2) does not authorize the mandatory detention of an individual already present in the United States.

### C.     Remedy

The Court therefore turns to the proper remedy. Where, as here, (1) Respondents erroneously assert that a detainee is being held pursuant to § 1225(b)(2) and (2) Respondents have not produced a warrant, as is required to effectuate an arrest pursuant to § 1226(a), the appropriate remedy is release from custody. *See, e.g.*, *Ahmed M. v. Bondi*, No. 25-4711, 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026); *Lauro M. v. Bondi*,

---

[2] The Court further notes that Respondents seem to be engaging in exactly this type of forum shopping. *See, e.g.*, Angel G.S.P. v. Bondi, Civ. No. 26-1449, 2026 WL 458240, at *2 (D. Minn. Feb. 18, 2026) (noting Petitioner was detained in Minnesota, but Respondents asked the Court to transfer the matter to the Western District of Wisconsin arguing that jurisdiction is proper in the district of arrest); *Carrera-Sanchez v. Bondi*, No. 26-1460, slip op. at 3 (D. Minn. Feb. 18, 2026) (rejecting Respondents' request to transfer the case to the District of North Dakota even though the district of confinement was the District of Minnesota).

No. 26-134, 2026 WL 115022, at *3 (D. Minn. Jan. 15, 2026); *cf. Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("Habeas is at its core a remedy for unlawful executive detention. . . . The typical remedy for such detention is, of course, release.").

The Court will grant Julio N.C.V.'s petition for writ of habeas corpus and order that he be released from custody.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that

1. Petitioner Julio N.C.V.'s Verified Petition for Writ of Habeas Corpus (Docket No. [1]) is **GRANTED**, as follows:

    a. Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

    b. If Petitioner is being detained outside of Minnesota, Respondents shall **TRANSPORT** Petitioner to Minnesota and **RELEASE** Petitioner from custody immediately. Petitioner's release in Minnesota must occur **no later than 48 hours after the filing of this Order**.

    c. If Petitioner is being detained in Minnesota, Respondents shall **RELEASE** Petitioner from custody as soon as practicable, and **no later than 48 hours from the filing of this Order**.

    d. Given the severe weather conditions in Minnesota, Respondents are **ORDERED** to coordinate with Petitioner's counsel to ensure that upon

Petitioner's release, they are not left outside in dangerous cold.  It is preferable to release Petitioner to counsel to ensure humane treatment.

e. Respondents must release Petitioner with all personal effects, such as driver's license, passports, or immigration documents, and **without conditions** such as location tracking devices.

f. Respondents are **ENJOINED** from re-detaining Petitioner under this same statutory theory, absent materially changed circumstances.

g. Both parties shall provide the Court with a status update concerning the status of Petitioner's release by **no later than 5:00 p.m. on February 23, 2026**.  Further, the parties shall advise the Court whether any additional proceedings in this matter are required and submit any proposals for the scope of further litigation.

DATED:  February 21, 2026                            \_\_\_\_\_/s/ John R. Tunheim\_\_\_\_\_
at Minneapolis, Minnesota.                                    JOHN R. TUNHEIM
                                                                           United States District Judge